AO 245B (SCDC Rev.09/11) Judgment in a Criminal Case **Sheet 1**

# UNITED STATES DISTRICT COURT
## District of South Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| vs. | |
| LARRY DUWAYNE WOODS | Case Number: 4:11CR2155TLW(1) |
| | USM Number: 34469-298 |
| | W. James Hoffmeyer, CJA<br>Defendant's Attorney |

**THE DEFENDANT:**

■ pleaded guilty to count(s)  One (1) of the indictment on March 20, 2013 .

☐ pleaded nolo contendere to count(s) _____which was accepted by the court.

☐ was found guilty on count(s) __after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1343 | Please see indictment | 9/27/2011 | 1 |

The defendant is sentenced as provided in pages 2 through 9 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)_____.

■ Count(s)  Two (2)  ■ is ☐are    dismissed on the motion of the United States.

☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

November 13, 2013
Date of Imposition of Judgment

s/Terry L. Wooten
Signature of Judge

Hon. Terry L. Wooten, Chief U.S. District Judge
Name and Title of Judge

November 25, 2013
Date

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Page 2

DEFENDANT: LARRY DUWAYNE WOODS
CASE NUMBER: <u>4:11CR2155TLW(1)</u>

## IMPRISONMENT

    **The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of forty-one (41) months.**

☐ The court makes the following recommendations to the Bureau of Prisons:

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____.
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____.
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

_____
    UNITED STATES MARSHAL

By _____
    DEPUTY UNITED STATES MARSHAL

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case

Sheet 3 - Supervised Release                                                                      Page 3

DEFENDANT: LARRY DUWAYNE WOODS
CASE NUMBER: 4:11CR2155TLW(1)

## SUPERVISED RELEASE

       Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years. While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervision outlined in Title 18 U.S.C. § 3583(d). The defendant shall also comply with the following special conditions: 1. The defendant shall pay any unpaid restitution at a rate of not less than $1,000 per month beginning 30 days after release. Interest is waived. The defendant shall submit financial documents and verification of income to the U.S. Probation as requested. The Court reserves the right to increase payments based upon any increase in financial status. 2. The defendant shall not open any additional lines of credit without the approval of the U.S. Probation Office. 3. The defendant shall participate in a Vocational Training Program as approved by the U.S. Probation Office. 4. The defendant shall participate in a mental health treatment program as approved by the U.S. Probation Office.

       The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

■  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

■  The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐  The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependents and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 4 - Criminal Monetary Penalties
Page 4

DEFENDANT: LARRY DUWAYNE WOODS
CASE NUMBER: 4:11CR2155TLW(1)

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 5.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | **$ 100.00** | **$** | **$ 733,766.16** |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

■ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| See pages 5-7 of judgment | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $2,201,299.00 | $733,766.16 | |

☐ Restitution amount ordered pursuant to plea agreement    $_____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

■ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ■ The interest requirement is waived for the ☐ fine ■ restitution.
    ☐ The interest requirement for the ☐ fine ☐ restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT NAME:        Larry Duwayne Woods
CASE NUMBER: 4:11CR02155-001TLW

## RESTITUTION PAYEES

| No. | Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|-----|---------------|-----------------------|-------------------------------|------------------------------------------|
| 1 | Scott Alcutt | $10,000.00 | $3,333.33 | |
| 2 | James O. Baldwin, III | $40,000.00 | $13,333.33 | |
| 3 | Brian Bonsignore | $42,990.00 | $14,330.00 | |
| 4 | Harold Braswell | $14,375.00 | $4,791.66 | |
| 5 | Michael Brincefield | $86,990.00 | $28,996.66 | |
| 6 | William Brincefield | $75,000.00 | $25,000.00 | |
| 7 | Benjamin Bunce | $29,990.00 | $9,996.66 | |
| 8 | Mark Chapman | $36,000.00 | $12,000.00 | |
| 9 | Michael Clark | $27,000.00 | $9,000.00 | |
| 10 | Sharon Clark | $60,000.00 | $20,000.00 | |
| 11 | Carol Conahan | $40,000.00 | $13,333.33 | |
| 12 | Joseph & Patricia Foley | $122,000.00 | $40,666.66 | |
| 13 | Stanley & Joyce Forman | $57,900.00 | $19,300.00 | |
| 14 | Davis Fort | $60,000.00 | $20,000.00 | |
| 15 | Jon Hill | $34,500.00 | $11,500.00 | |
| 16 | Jonathan Hood | $18,000.00 | $6,000.00 | |
| 17 | Richard Iacovelli | $32,490.00 | $10,830.00 | |
| 18 | KLR Investment Group, LLC Lars Reinhart | $40,000.00 | $13,333.33 | |
| 19 | Jean Kearny | $31,990.00 | $10,663.33 | |
| 20 | Barbara Kellner | $19,900.00 | $6,633.33 | |
| 21 | Patty Krukoff | $59,800.00 | $19,933.33 | |

| 22 | Eric Lapin | $80,000.00 | $26,666.66 | |
| 23 | Nancy Mackillop | $19,990.00 | $6,663.33 | |
| 24 | Margaret M. Mancuso | $49,990.00 | $16,663.33 | |
| 25 | Beverly Mandrell | $17,990.00 | $5,996.66 | |
| 26 | Marlin Properties/James Kuzma & Michael Joseph | $49,990.00 | $16,663.33 | |
| 27 | Mr. & Mrs. Martin McGarvey | $28,750.00 | $9,583.33 | |
| 28 | Ralph McKinney | $22,990.00 | $7,663.33 | |
| 29 | Steve Mendenhall | $14,375.00 | $4,791.66 | |
| 30 | James Murphree | $17,990.00 | $5,996.66 | |
| 31 | Michael Norris | $22,990.00 | $7,663.33 | |
| 32 | David Olchek | $40,000.00 | $13,333.33 | |
| 33 | Gary Ownbey | $80,900.00 | $26,966.66 | |
| 34 | Michael P. Orsini | $124,000.00 | $41,333.33 | |
| 35 | Rory Payne | $50,000.00 | $16,666.66 | |
| 36 | Derek R. Peins | $11,667.00 | $3,889.00 | |
| 37 | Kurt R. Peins | $11,667.00 | $3,889.00 | |
| 38 | Robert Peins | $11,666.00 | $3,888.66 | |
| 39 | Gerald Pirozek | $30,000.00 | $10,000.00 | |
| 40 | Danny & Patricia Quinn | $20,000.00 | $6,666.66 | |
| 41 | John & Mary Romer | $26,990.00 | $8,996.66 | |
| 42 | Clement & Dawn Samaritano | $29,990.00 | $9,996.66 | |
| 43 | Roger Scarlett | $28,750.00 | $9,583.33 | |
| 44 | George Schlecht | $30,990.00 | $10,330.00 | |
| 45 | Rita Shane | $20,000.00 | $6,666.66 | |
| 46 | Doug Steinbrunner | $21,190.00 | $7,063.33 | |
| 47 | Pravinkumar Tailer | $160,000.00 | $53,333.33 | |
| 48 | Kenneth Tallmadge | $42,990.00 | $14,330.00 | |

| 49 | Timothy Ungaro | $83,549.00 | $27,849.66 | |
|----|----------------|------------|------------|--|
| 50 | Donald Waters | $76,980.00 | $25,660.00 | |
| 51 | Martha S. Williams | $35,990.00 | $11,996.66 | |
| | TOTAL | $2,201,299.00 | $733,766.16 | |

AO 245B    (SCDC Rev. 9/11) Judgment in a Criminal Case

Sheet 5 - Schedule of Payments

Page 8

DEFENDANT: LARRY DUWAYNE WOODS
CASE NUMBER: 4:11CR2155TLW(1)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ■    Lump sum payment of <u>$100.00 special assessment and $733,766.16 restitution</u> due immediately, balance due

☐ not later than _____ , or

■ in accordance with ☐ C, ■ D, or ☐ E, or ☐ F below: or

B    ☐    Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C    ☐    Payment in equal _____ (weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g.,

months or years), to commence _____ *(30 or 60 days)* after the date of this judgment; or

D    ■    Payment in equal monthly installments of $<u>1,000,</u> to commence *30 days* after release from imprisonment to a term of

supervision; or

E    ☐    Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The

court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ■    Special instructions regarding the payment of criminal monetary penalties: The restitution obligation is one-third of the total

amount ordered in U.S. v. Shoup and Hix, Jr., Docket No. 4:09CR1367.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed _____ and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.